BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:13-MC-00113-KJM-EFB |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $19,960.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On July 5, 2013, the Drug Enforcement Administration (hereafter "DEA") seized Approximately $19,960.00 in U.S. Currency (the "defendant currency").

2. The DEA commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others.  On or about August 9, 2013, the DEA received a claim from Elum Webb ("Webb") asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on July 5, 2013, the DEA received information regarding suspicious travel by Webb, who was traveling on United Airlines from Birmingham, AL to Sacramento, CA.  Agents learned that Webb had previously transported controlled substances from Sacramento to

1

the east coast and transported currency from the sale of drugs on commercial airlines back to Sacramento, CA.  Based on this information, agents responded to the Sacramento International Airport to speak with Webb.

4. When Webb arrived in Sacramento on July 5, 2013, agents observed him exit the jetway and walk down the concourse.  Webb observed a Sacramento County Sheriff's deputy and darted into the restroom.  Upon his exit, a DEA agent displaying his badge, approached Webb, identified himself as law enforcement, and asked permission to speak with him.  When asked where he was traveling from, Webb said Birmingham.  He said he had been in Birmingham for approximately three days.  Webb was traveling to Sacramento on a one-way ticket.  Webb carried a small gym bag, which appeared to have minimal items inside.  The agent asked if Webb had stayed with family in Birmingham, and Webb said that he had.  The agent asked Webb if he could perform a search of Webb's luggage, and Webb consented.  Upon opening the bag, the agent asked Webb if he was traveling with large amounts of cash, and Webb responded that he did have some cash in his bag.  The agent could feel two stacks of cash rolled up inside the only two pieces of clothing in the bag.

5. The agent asked Webb how much cash he had and Webb said $19,000.00.  The agent asked Webb to accompany him to a quiet room in the airport to discuss the legitimacy of the currency and Webb agreed.

6. Once in the room, the agent informed Webb that he was not in trouble or being detained.  Webb acknowledged his understanding.  One stack of cash had a rubber band around it and was comprised of various denominations.  When asked why the cash was so random, Webb said that this was how the person who purchased the vehicle gave it to him.  The other stack of cash did not have a rubber band.  Webb said that he had sold a 2005 Acura, but did not have a receipt or a bill of sale, did not know the name of the buyer, and did not have a telephone number.  He further stated that the buyer was a friend of his cousin.  Webb only knew his cousin by his first name (Frankie) and did not have a telephone number for him.

Consent Judgment of Forfeiture

7. Webb informed agents that he was employed at Kaiser Hospital as a respiratory therapist, but also stated that he had not worked at Kaiser since 2010. He stated that he was in the process of starting a business teaching CPR to children. According to Webb, he made over $110,000.00 a year while working for Kaiser, but said he did not file a tax return for the last year or two. Webb said that he told the Transportation Security Administration officers in the Birmingham Airport that he was traveling with $20,000 in cash. The cash seized from Webb was wrapped in a receipt from a hotel in Birmingham. Webb said that he smokes marijuana and tobacco.

8. The defendant currency was presented to drug detection dog, "Fox", by California Highway Patrol Officer Rogers. Officer Rogers advised that Fox positively alerted to the odor of narcotics on the defendant currency.

9. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C § 881(a)(6).

10. Without admitting the truth of the factual assertions contained above, Webb specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Webb agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Webb acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Webb shall hold harmless and indemnify the United States, as set forth below.

11. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

12. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

13. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Consent Judgment of Forfeiture

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

14. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

15. Upon entry of this Consent Judgment of Forfeiture, $9,980.00 of the Approximately $19,960.00 in U.S. Currency, together with any interest that may have accrued on the entire amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

16. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $9,980.00 of the Approximately $19,960.00 in U.S. Currency shall be returned to potential claimant Elum Webb through his attorney Erica C. Mirabella.

17. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Webb waived the provisions of California Civil Code § 1542.

18. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

19. All parties will bear their own costs and attorneys' fees.

20. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

DATED: April 3, 2014.

_____
UNITED STATES DISTRICT JUDGE